IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02763-BNB

GENE ALLEN,

    Applicant, Named as Plaintiff,

v.

U.S. ATTORNEY GENERAL'S OFFICE, et al.,
OFFICE OF DETENTION AND REMOVAL OPERATIONS, and
U.S. DEPARTMENT OF HOMELAND SECURITY,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 18 2011

GREGORY C. LANGHAM
                     CLERK

## ORDER OF DISMISSAL

Applicant, Gene Allen, is in the custody of the Nevada Department of Corrections and currently is incarcerated at the Northern Nevada Correctional Center in Carson City, Nevada. Mr. Allen, acting *pro se*, initiated this action by filing a pleading titled, "28 U.S.C. § 1651 Vienna Convention Claim" and a Motion for Leave to Proceed In Forma Pauperis. In an order entered on November 17, 2010, Magistrate Judge Boyd N. Boland directed the Clerk of the Court to commence a civil action and instructed Mr. Allen to cure certain deficiencies if he wished to pursue his claims.

Although Mr. Allen's pleading failed to clearly identify the claims he is raising, Magistrate Judge Boland determined that Mr. Allen was challenging a conviction and sentence[1] and ordered him to file his claims on a Court-approved form used in filing

---

[1] Mr. Allen refers to an INS hearing and the Vienna Convention, but he claims that he has been denied due process in criminal proceedings that appear to have taken place in the United States, specifically he identifies a criminal proceeding in the District of Nevada, which appears to be a state criminal case.

claims raised pursuant to 28 U.S.C. § 2241. Magistrate Judge Boland also instructed Mr. Allen either to pay the filing fee or in the alternative to file a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action. Mr. Allen was warned that the action would be dismissed without further notice if he failed to cure the deficiencies within thirty days.

On December 2, 2010, Mr. Allen filed a pleading titled "Notice of Appeal" in which he states that he is not filing an "A.P. for H/C," and that he seeks "leave to file pursuant to 28 U.S.C. § 1651." Magistrate Judge Boland entered a Minute Order on December 7, 2010, stating that to the extent Mr. Allen's action properly is before this Court he should file his claims on a Court-approved form used in filing § 2241 actions. Mr. Allen was given an additional thirty days from December 7 to comply with the November 17 Order directing him to cure all deficiencies.

Mr. Allen subsequently filed two additional pleadings on December 20, 2010. Neither of the filings is responsive to the November 17 Order. Because Mr. Allen now has failed to comply with the November 17 Order within the time allowed, the action will be dismissed without prejudice for failure to cure all noted deficiencies.

The Court, however, notes that since 2006 Mr. Allen has filed eight cases in this Court. In *Allen v. State of Colo., et al.*, No. 06-cv-00569-ZLW (D. Colo. May 25, 2006), the case, a 28 U.S.C. § 2254 action, was dismissed for failure to comply with Fed. R. Civ. P. 8(a) and affirmed on appeal, See *Allen v. State of Colorado, et al.*, No. 06-1249 (10th Cir. Nov. 9, 2006). In *Allen v. INS, et al.*, No. 06-cv-1035-ZLW (D. Colo. July 13, 2006), a § 2254 action, Mr. Allen claimed that he was challenging a deportation

order that was entered in this Court or in the United States Court of Appeals for the Tenth Circuit, but the remainder of the claims were unintelligible. Case No. 06-cv-01035-ZLW was dismissed because Mr. Allen did not challenge a Colorado state or federal conviction and a transfer of a § 2241 action to the United States District Court of the District of Nevada was not proper. In *Allen v. Supreme Court of Colo.*, No. 06-cv-02337-ZLW (D. Colo. Mar. 22, 2007), a prisoner complaint, the Court dismissed the action because Mr. Allen is subject to filing restrictions under 28 U.S.C. § 1915(g), and he failed to pay the filing fee in full. In *Allen v. Suthers*, No. 08-cv-00714-ZLW (D. Colo. June 16, 2008), a case filed originally as a writ for coram nobis, which was construed as a § 2254 action, the Court dismissed the action because Mr. Allen, after being given at least two opportunities to file a proper application, failed to comply with the pleading requirements under Fed. R. Civ. P. 8 and Rule 4 of the Rules Governing Section 2254 Cases. Mr. Allen appealed the dismissal in Case No. 08-cv-00714-ZLW and the Tenth Circuit dismissed the appeal, *see Allen v. Suthers*, No. 08-1245 (10th Cir. Oct. 30, 2008), for the same reasons found by this Court. In *Allen v. People of the State of Colo.* No. 09-cv-01350-ZLW (D. Colo. July 23, 2009), a § 2254 action, the case was dismissed for failure to file his claims on a proper Court-approved form. On appeal in Case No. 09-cv-01350-ZLW, the Tenth Circuit found that the case was an unauthorized successive petition challenging a Colorado State conviction and dismissed the appeal. *See Allen v. People of the State of Colo.*, No. 09-1413 (10th Cir. Jan. 11, 2010). In *Allen v. People of the State of Colo.*, No. 09-cv-02089-ZLW (D. Colo. Dec. 11, 2009), a prisoner complaint, the Court dismissed the action because Mr. Allen is

subject to filing restrictions under 28 U.S.C. § 1915(g) and he failed to pay the filing fee in full. On appeal, Case No. 09-cv-02089-ZLW was dismissed for lack of prosecution. *See Allen v. People of the State of Colo.*, No. 09-1507 (10th Cir. Dec. 16, 2009). Finally, in *Allen v. People of the State of Colo.*, No. 10-cv-00418-ZLW (D. Colo. Mar. 19, 2010), a § 2254 case, the Court dismissed the action as successive. Mr. Allen was warned in Case No. 10-cv-00418-ZLW that if he continued to file § 2254 applications with respect to Colorado Criminal Case No. 1993-CR-001593 the Court would consider filing restrictions. On appeal, the Tenth Circuit affirmed this Court's dismissal of Case No. 10-cv-00418-ZLW and cautioned Mr. Allen that further attempts to pursue collateral relief without complying with the mandates of §§ 2244 and 2254 may be met with sanctions, including filing restrictions. *See Allen v. People of the State of Colo.*, No. 10-1127 (10th Cir. May 19, 2010).

To the extent that the Court is able to determine what Mr. Allen is asserting in this action, none of the claims are properly filed here. If Mr. Allen is challenging a Nevada criminal proceeding, jurisdiction lies with the United States District Court for the District of Nevada in a § 2254 action. If Mr. Allen is challenging a deportation proceeding, to the extent such a challenge is proper in a federal district court, the proper action is a § 2241 filed in the federal district court where Mr. Allen is incarcerated. Mr. Allen is warned that if he continues to file habeas actions in this Court that fail to comply with the pleading requirements of Fed. R. Civ. P. 8, or are not properly filed in this Court, the Court will consider filing restrictions. *Topeka Housing Auth. v. Johnson*, 404 F.3d 1245, 1248 (10th Cir. 2005) (status as a *pro se* litigant does not prevent the

4

court from imposing sanctions) (citing **Haworth v. Royal**, 347 F.3d 1189, 1192 (10th Cir. 2003)). Accordingly, it is

ORDERED that the Application is denied and the action is dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to cure deficiencies.

DATED at Denver, Colorado, this 18th day of January, 2011.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02763-BNB

Gene Allen
Prisoner No. 76542
Lovelock Correctional Center
1200 Prison Rd.
Lovelock, NV 89419

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on January 18, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk